

FEB 2 1 2006

CLERK, U.S. DISTRICT COURT
TERN DISTRICT OF CALIFORN

˙ ˙ ˙ TY CLEF ˙ ˙ ˙

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Tax Indebtedness of:

LEROY DONOVAN COMBS                        No.    2:06 - MC - 0019 WBS KJM

Ex Parte UNITED STATES OF AMERICA,
and MARILYN COLLINS, Revenue Officer,

Applicants for Order.                        ORDER

_____/

The United States, by and through its Internal Revenue Officer ("IRS"), seeks an order that it be permitted to serve an IRS investigative summons either to the person Leroy Donovan Combs, or that the summons be left at his usual place of abode (2417 East Belmont, Fresno, CA.). Specifically, the IRS seeks permission to enter a fenced yard, and if Mr. Combs is not present, or if he refuses service, to leave the summons affixed to his abode.

Title 26 U.S.C. § 7603 permits an IRS officer to serve the summons at the summonsed person's "usual place of abode." Implicit within that authority is that the officer be permitted to affix or attach the summons in a noticeable fashion to the abode if the person to be served is not present before the server, or otherwise refuses service or avoids service. The undersigned believes that the statute does not require a service officer to stand afar from the boundaries of the property to throw or launch the summons from the property boundary to the

1

1   abode, but that the officer is permitted, in reasonable fashion, to enter the premises in order to
2   leave the summons at or on the abode in a noticeable, and relatively safe from the elements place.
3   Such implicit authority would permit non-destructive attachment or taping or affixing the
4   summons to the abode itself.

5       Due process does not require that the summons be left in the hands of a
6   responsible person at the abode. United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993).

7       In an abundance of caution, the IRS seeks an order under 26 U.S.C. § 7402(a)
8   (authority to issue orders as may be necessary to enforce the Internal Revenue laws) to effect
9   what appears implicit in the service statute. To the extent that such is necessary, the undersigned
10  will issue such an order in that the court finds from the papers that Mr. Combs is affirmatively
11  avoiding service.

12      ACCORDINGLY, pursuant to §§ 7603, 7402(a), and pursuant to the finding of
13  the undersigned that the summons meets the requirements for investigative summons service
14  upon Leroy Donovan Combs as satisfaction of those requirements have been set forth in the
15  Collins Declaration, Marilyn Collins, and other IRS officers assisting her, may enter the premises
16  of 2417 East Belmont, Fresno, CA., whether encompassed, circled or bounded by a fence/gate or
17  not, and serve the previously approved summons on Mr. Combs personally, or by leaving the
18  summons in a conspicuous place on or at the abode.[1]

19      Nothing in this order permits the IRS officers, absent permission, to enter the
20  dwelling place itself, i.e., go through a door or window of the dwelling, in order to effect service.
21  \\\\
22  \\\\
23  \\\\
24  \\\\
25

26  [1] The court finds from the submitted papers that the abode at 2417 East Belmont, Fresno, CA is the likely and probable abode of Leroy Donovan Combs.

2

1  The summons may be placed upon a door. Any type of screen or storm door may be opened in

2  order to access that front surface of a main door in order to affix the summons onto the door.

3          IT IS SO ORDERED.

4  DATED: ᘺᢁᘝ. ᢁ, ᢁ₀₀ᙈ        GREGORY G. HOLLOWS

5                                                     _____
                                                     UNITED STATES MAGISTRATE JUDGE
6
   GGH:gh:035
7  combs.ord

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3